IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RUBEN AGUIRRE HUARACHA,

Petitioner,

v.  CIVIL ACTION NO. 2:13cv554

CARMEN TORRES ALVAREZ,[1]

Respondent.

## *MEMORANDUM ORDER*

Before the Court is Petitioner Ruben Aguirre Huaracha's Emergency Motion for Provisional Remedies. On October 10, 2013, Petitioner filed a Petition for the Return of Children to Mexico pursuant to the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 1160 *et seq.* He alleged that in June 2012, the mother of his two children, who are both Mexican citizens, had the children smuggled into the United States, where they have since resided with their maternal grandmother, Respondent Carmen Torres Alvarez. He further alleged that this was accomplished wrongfully without his consent, and that he was unable to persuade Respondent to return the children to him. Accordingly, he filed an Application for Assistance under the Hague Convention on International Child Abduction. The children, S.E.A.E. and N.S.A.E., are both girls, and are ages 11 and 12. Petitioner and the children's mother are married but separated, and he asserts that prior to the children's arrival in the United States, he and the mother shared custody of the children. Petitioner has submitted copies of the children's birth certificates and proof of his

---

[1] The Court corrected Respondent's name as indicated above after ascertaining her proper name at the hearing.

parental rights.

On December 11, 2013, the Clerk entered default against the Respondent pursuant to Federal Rule of Civil Procedure 55(a), as she had failed to appear or respond. On December 12, 2013, Petitioner filed the instant Emergency Motion for Provisional Remedies, requesting that the Court order that the children be placed temporarily in the custody of Virginia Child Protective Services. Petitioner sought this relief after learning from a neighbor that Respondent planned to flee the jurisdiction with the two children. The Court scheduled a hearing on the matter on December 23, 2013.

Both Petitioner and Respondent appeared at the hearing. Petitioner was represented by counsel. Also present at the hearing were two representatives from the City of Virginia Beach Social Services Division, Child Protective Services. Counsel for Petitioner had previously represented that Petitioner did not know the location of or contact information for the children's mother, whom Petitioner alleges remains in Mexico. At the beginning the hearing, petitioner's counsel indicated that the parties had reached an agreement, and the Court accordingly delayed a hearing on the instant Petition and instead held a hearing on the parties' agreement. Specifically, Petitioner's counsel stated that Respondent would relinquish S.E.A.E. and N.S.A.E. to the custody of Petitioner at 5:00 P.M. on Wednesday, December 25, 2013, at her residence, 300 Harrier St., Virginia Beach, Virginia, 23462. Respondent was then sworn under oath and confirmed her address and the parties' agreement.

In view of the parties' agreement, the Court will not issue an Order directing an immediate return of the children to Mexico under the ICARA. Instead, Respondent is **ORDERED** to turn over S.E.A.E. and N.S.A.E. to Petitioner at 5:00 PM on Wednesday, December 25, 2013, at 300 Harrier St., Virginia Beach, Virginia, 23462. Should Respondent not comply, Petitioner should

immediately contact the Virginia Beach Police, Virginia Beach Child Protective Services, the United States Marshals, and this Court for enforcement of this Order. Once Respondent has given the children to Petitioner, Petitioner is **DIRECTED** to return them promptly to Mexico.

The Clerk is **DIRECTED** to send a copy of this Order to all parties and the United States Marshals. The Clerk is also directed to fax a copy of this Order to Virginia Beach Child Protective Services, (757) 437-3602, Attn: Carla Fitzgerald.

**IT IS SO ORDERED.**

/s/
_____
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
December 23, 2013